Filed 4/22/16  P. v. Ortiz CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064609 |
| v. | (Super.Ct.No. RIF1500777) |
| RUDY MICHAEL ORTIZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

After the trial court denied defendant and appellant Rudy Michael Ortiz's motion to suppress (Pen. Code, § 1538.5), defendant pled guilty to unlawfully possessing ammunition (Pen. Code, § 30305, subd. (a); count 1) and driving on a suspended license

1

(Veh. Code, § 14601.2, subd. (a); count 2). Defendant also admitted that he had suffered one prior prison term (Pen. Code, § 667.5, subd. (b)). In return, defendant was sentenced to a total term of two years in state prison with credit for time served. Defendant appeals from the denial of his motion to suppress evidence. We find no error and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND[1]

On March 10, 2015, an information was filed charging defendant with unlawful possession of ammunition after having been convicted of a felony (Pen. Code, § 30305, subd. (a); count 1) and driving on a suspended license (Veh. Code, § 14601.2, subd. (a); count 2). The information further alleged that defendant had suffered a prior prison term (Pen. Code, § 667.5, subd. (b)).

On June 23, 2015, defendant filed a motion to suppress pursuant to Penal Code section 1538.5, challenging the legality of the stop. The People subsequently filed an opposition, arguing the initial stop was based on the reasonable suspicion a Vehicle Code violation had occurred.

A hearing on the suppression motion was held on July 30, 2015. At that time, Riverside County Sheriff Corporal Gabriel Gil testified. He stated that on February 10, 2015, he was on patrol at approximately 8:08 p.m. in the City of Perris when he noticed a blue 1994 Ford Tempo vehicle driving with an unlit license plate. Corporal Gil could

---

[1] The factual background is taken from the suppression hearing.

2

normally see an illuminated license plate from five to 10 yards away; however, in this instance, Corporal Gil had to get within five feet and use his spotlight to see the vehicle's license plate. Corporal Gil does not wear glasses and he did not have any problems with his vision on the day of the incident.

Because having an unlit license plate is a violation of the Vehicle Code, Corporal Gil conducted a traffic stop on the vehicle. Corporal Gil contacted the driver of the vehicle, identified him as the defendant, and ultimately arrested him.[2] A records check of defendant revealed that defendant was a convicted felon. Prior to impounding the vehicle, an inventory search of the vehicle was performed. During the inventory search, Corporal Gil found two 25 round boxes of shotgun ammunition in the vehicle. Defendant asked Corporal Gil to give him a break and stated he would throw the ammunition away.

Corporal Gil took photographs of defendant's vehicle's license plate (Exhibit A) as evidence of the reason for the stop. Corporal Gil explained that the license plate lights were not illuminating the license plate and that the illumination in the picture was coming from the street lights and from the headlights and spotlights of his patrol vehicle.

Ernest Eugene Jones, a manager of the towing company, testified on behalf of the defense. He stated that he was not made aware of any defects in the operation of the 1990 Ford Tempo vehicle when he was given a storage authority form from the Riverside

---

[2] The hearing on the suppression motion was limited to whether there was probable cause to stop the vehicle. Defendant did not contest his arrest.

3

County Sheriff's Department for the vehicle. Jones also asserted that no repairs were done on the vehicle and no lights on it were replaced.

Defense Investigator Andrew Hutton also testified on behalf of the defense. He stated that on June 19, 2015, he went to the towing lot to inspect the vehicle. Hutton explained that the vehicle was stored in an unenclosed metal warehouse to limit the glare from the sun; and that he inspected the vehicle while the engine was running and the lights were on. Upon inspecting the vehicle, Hutton noticed that the two lights above the license plate were illuminated. He explained that the lights appeared fully illuminated; that the lights did not look dim or faint; and that the lights did not flicker on and off. Hutton acknowledged that he did not have the car examined to determine whether there were any electrical problems with the car. Hutton took pictures of the license plate with the lights on (Exhibit C) and off (Exhibit D).

Following argument, the trial court denied defendant's motion to suppress, finding, under the totality of the circumstances, the officer had reasonable suspicion to stop the vehicle.

On August 4, 2015, defendant pled guilty to unlawfully possessing ammunition (Pen. Code, § 30305, subd. (a); count 1) and driving on a suspended license (Veh. Code, § 14601.2, subd. (a); count 2). He also admitted that he had suffered one prior prison term (Pen. Code, § 667.5, subd. (b)). In return, defendant was sentenced to the middle term of two years on count 1, plus 10 days concurrent on count 2. The court struck the prior prison term enhancement noting, "two years for possession of a couple of bullets is

4

sufficient punishment." Defendant was awarded 352 days of presentence custody credits and ordered to pay various fines and fees.

On October 5, 2015, defendant filed a timely notice of appeal based on the denial of his suppression motion and other matters challenging the validity of the plea or admission. Defendant also requested a certificate of probable cause, noting the plea was entered into based on the denial of his suppression motion. Defendant's request for a certificate of probable cause was denied on October 6, 2015.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

5

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____

P. J.

We concur:

HOLLENHORST_____

J.

McKINSTER_____

J.